IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| KELLY L. TARNOWSKI, | § | |
| | § | |
| Plaintiff, | § | Case No. 1:17-cv-00698 |
| | § | |
| -v- | § | Hon. |
| | § | |
| AMERICAN PROFIT RECOVERY INC. | § | Jury Trial Demanded |
| | § | |
| Defendant. | § | |

## COMPLAINT

### I. INTRODUCTION

1. Plaintiff Kelly L. Tarnowski (nee Grinage, hereafter "Plaintiff") brings this action to secure redress from unlawful collection practices engaged in by defendant American Profit Recovery, Inc. (hereafter "Defendant"). Plaintiff alleges violations of the Fair Debt Collection Practices Act 15 U.S.C. §1692 *et seq.* ("FDCPA"), and the Michigan Occupational Code M.C.L. §339.901 *et. seq.* ("MOC").

### II. VENUE AND JURISDICTION

2. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States District Court without regard to the amount in controversy," 47 U.S.C. §227(b)(3) and 28 U.S.C. §1331.

3. Venue is proper pursuant to 28 U.S.C. §1319(b)(2), as the acts giving rise to Plaintiff's cause of action occurred in this district, Plaintiff resides in this district, and Defendant transacts and conducts business in this district.

### III. PARTIES

4. Plaintiff is a natural person residing in Branch County, Michigan. Plaintiff is a "consumer" and "person" as the terms are defined and used in the FDCPA. Plaintiff is a "consumer," "debtor" and "person" as the terms are defined and used in the MOC.

5. Defendant is a Massachusetts corporation, with offices located at 33 Post Rd. W #140, Marlborough, MA 01752. The registered agent for Defendant is Jeff Spurgess at 34505 W. 12 Mile Rd. #333, Farmington Hills, MI 48331.

6. Defendant uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

7. Defendant is a "debt collector" as the term is defined and used in the FDCPA.

8. Defendant is licensed by the State of Michigan to collect consumer debts in Michigan. Defendant is a "collection agency" and "licensee" as those terms are defined and used in the MOC.

IV. **FACTUAL ALLEGATIONS**

9. Plaintiff incurred a debt for a medical services with Rehabilitation Physicians, P.C., any resulting obligation was incurred for personal, family, and household purposes and is a "debt" as the term is defined and used in the FDCPA and the MOC.

10. The aforementioned creditor claims that Plaintiff has failed to pay her debts and that her account is delinquent.

11. Plaintiff disputes the amount of the alleged debt.

12. Plaintiff refuses to pay the alleged debt.

13. Rehabilitation Physicians, P.C. placed the alleged account with Defendant for collection.

14. On February 15, 2017, Defendant sent Plaintiff a collection letter (Exhibit A).

15. The letter sought to collect a total principal amount of $98.30, and interest in the amount of $13.53.

16. Plaintiff did not agree to pay interest, and there is no contract between Plaintiff and Rehabilitation Physicians, P.C. which allows them to charge interest.

17. To the best of Plaintiff's knowledge, the letter sent by Defendant is the first time that interest was requested of her.

18. Presumably Defendant relies upon MCL 438.31 to justify charging interest. However, this statute does not allow anyone to charge interest, it merely states legal interest rates.

19. The interest charged in this matter is calculated from the date of service to the date of the letter.

20. It is well established law in the State of Michigan that in the absence of a contractual provision, interest can only be awarded as an element of damages from the date that payment was due and was not made. *See* Oakwood Hospital v. Tobin, 6 Mich.App. 566 (1967), Amluxen v. Stephenson, 340 Mich. 273 (1954).

21. Even if Defendant were allowed to charge interest, it would only be from the date that payment was due, and not from the date of service.

22. Even if Defendant were allowed to charge interest, because Defendant improperly began charging interest from the date of service, and not the date that payment was due, it resulted in an incorrect amount of interest being charged to Plaintiff.

23. Pursuant to Michigan Law, interest can be included as an element of damages in order to achieve full compensation to the party owed money. *See* Banish v. City of Hamtramck, 9 Mich. App. 381 (1968).

24. Rehabilitation Physicians, P.C. never requested interest from Plaintiff, impliedly stating that payment of the principal amount would achieve full compensation.

25. Rehabilitation Physicians, P.C. did not ask Defendant to collect interest on the debt.

26. Defendant decided to add interest charges of its own volition.

27. Defendant's choice to add interest charges to Plaintiff's account was not a clerical error.

28. Defendant's choice to add interest charges to Plaintiff's account was not a mistake.

29. Defendant's corporate policy and procedures are structured to charge individuals an amount greater than what is actually owed for its financial benefit.

### Count 1 -- 15 U.S.C. §1692e – False or Misleading Representations

30. Plaintiff adopts by reference paragraphs 1-30 above as if fully set forth herein.

31. Pursuant to 15 U.S.C. §1692e(10) the use of any false representation to collect or attempt to collect a debt is a violation of the FDCPA.

32. Defendant's representation that Plaintiff owed interest on the debt is false and is a violation of the FDCPA.

### Count 2 – MCL 339.915(e) – Inaccurate, misleading, untrue, and deceptive statements

33. Plaintiff adopts by reference paragraphs 1-32 above as if fully set forth herein.

34. The MOC states that a licensee may not make an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt. MCL 339.915(e).

35. Defendant's representation that Plaintiff owed interest on the debt is false and is a violation of the MOC.

### Count 3 – MCL 339.915(q) – Failure to Implement Reasonable Procedures

36. Plaintiff adopts by reference paragraphs 1-35 above as if fully set forth herein.

37. Pursuant to MCL 339.915(q) a licensee must implement a procedure designed to prevent a violation of the MOC by an employee.

38. Defendant failed to implement a procedure designed to prevent an employee from charging interest it was not entitled to in violation of the MOC

39. As an actual and proximate result of Defendant's acts and omissions, Plaintiff has suffered actual damages and injury for which he should be compensated in an amount to be established by jury at trial including but not limited to financial loss, fear, stress, mental anguish, emotional stress, embarrassment, and suffering, for which he should be compensated in an amount to be established by jury at trial.

## V. TRIAL BY JURY

40. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

## IV. CLAIMS FOR RELIEF

41. Defendant has violated the FDCPA. Defendants violations of the FDCPA include, but are not limited to, the following:

    a. Defendant violated 15 U.S.C. §1692e by using false or misleading representations in an attempt to collect a debt.

**Wherefore,** Plaintiff seeks judgment against Defendant for:

a) Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

b) Statutory damages pursuant to 15 U.S.C. §1692l(a)(2)(A);

c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

d) Such further relief as the court deems just and equitable.

42. Defendant has violated the MOC. Defendants violations of the MOC include, but are not limited to, the following:

    a. Defendant violated MCL 339.915(e) by making inaccurate, untrue, false or misleading statements in a communication for collection of a debt.

    b. Defendant violated M.C.L. §339.915(q) by failing to implement a procedure designed to prevent a violation by an employee; and

**Wherefore**, Plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to M.C.L. §339.916(2);

b) Treble the actual damages pursuant to M.C.L. §339.916(2);

c) Statutory damages pursuant to M.C.L. §339.916(2);

    d) Reasonable attorney's fees and court costs pursuant to M.C.L. §339.916(2); and

    e) Equitable relief pursuant to M.C.L. §339.916(2).

| Dated: August 4, 2017 | Respectfully submitted:<br><br>__/s/_____<br>Jeffrey D. Mapes (P70509)<br>Jeffrey D. Mapes PLC<br>Attorneys for Plaintiff<br>29 Pearl St. NW, Ste. 305<br>Grand Rapids, MI 49503<br>Tel: (616) 719-3847<br>Fax: (616) 719-3857<br>jeff@mapesdebt.com |
|---|---|